Deaderick, J.,
delivered the opinion of the Court.
This action of ejectment was commenced in "White County by plaintiffs, in April, 1861, against James Stewart. James Stewart died pending the suit, and it was revived against his heirs.
The land in controversy was granted in 1849, to C. C. Cole, one of the plaintiffs, and very soon thereafter he made a verbal sale of it to W. R. Cole, his brother, and put him in possession. W. R. Cole remained in possession until he was dispossessed by proceedings in chancery against him and Lucinda Cole.
In 1852, Stephen Cole, professing to act as attorney in fact for C. C. Cole, made a deed to the land to Lucinda. No power of attorney is on file, but the deed to Lucinda appears in the record, as does also a deed executed by Lucinda and Wm. R. to a third party, for ten acres of the land, dated in 1854.
In December, 1858, a bill was filed by one Grissam, against Lucinda Cole and W. R. Cole, to subject the land to sale, to pay a debt due him from W. R. Cole, alleging that the land was sold to and paid for by him,, and that the title was taken to Lucinda to defraud his creditors.
Upon the final hearing, the land was ordered to be sold, for the satisfaction of Grissam’s debt, it was purchased by Grissam, a writ of possession in his favor issued, and Stewart, by his direction, was put in possession under his purchase, 7th November, 1859, and W. R. Cole was then dispossessed. C. C, Cole conveyed by *512 deed, to bis co-plaintiff, Saylor, 17th January, 1861, more than twelve months after Stewart had taken possession, claiming under the purchase at the chancery sale.
Under these circumstances, it was insisted by defendant that W. It. Cole, for Lucinda Cole and himself, had held the possession of the tract of land, under his purchase and her deed of 1852, more than seven years adversely to plaintiff, and thus acquired title, which was by the chancery proceedings vested in Grissam, from whom Stewart held.
The facts disclosed in the record show that C. C. Cole’s sale to Saylor v'as champertous, the land having been in the adverse 'possession of Stewart, at the time of said sale; and C. C. Cole, as well as Saylor, the purchaser from him, under the circumstances of this case, should be repelled from court. C. C. Cole being a non-resident, might have sold the lands, if it had been in the possession of an adverse holder without color of title.
The declaration contains but one count, in the names of C. C. Cole and Saylor, as joint plaintiffs. If the declaration had contained another count, in the name of C. C. Cole only, the action might have been maintained, on the authority of the case of Wilson et al. v. Nanee et ah, 11 Hum., 189; it being held in that case, that, “when a deed is declared void for champerty, the title remains in the grantor.”' He may maintain an action of ejectment to recover the land, and a third party can not rely upon the void deed to defeat his recovery. But, seeking in a single count to recover in the joint names of the grantor and grantee, the champertous contract made by one of the parties, affects the interest of both, and is fatal to *513 the whole suit. '3 Head, 502; 5 Hum., 593; Ibid, 379.
The Court left it to the jury to determine the questions of the statute of limitations, and of champerty, who rendered a verdict in favor of the defendants. We are satisfied with the verdict, and affirm the judgment.